UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMINA CORNEJO, LEONEL CORNEJO AND NOE CORNEJO, <br><br> Plaintiffs, <br><br> v. <br><br> FCI LENDER SERVICES, INC.; DOWNEY SAVINGS AND LOANS ASSOCIATION, F.A.; and DOES 1-50 inclusive, <br><br> Defendants. | CIV-F-09-0259 AWI SMS <br><br> ORDER RE: MOTION TO DISMISS <br><br><br> (Docs. 6 and 10) |

**I. History**[1]

Plaintiffs purchased the property at 1535 Montclair Drive, Modesto, CA 95350 on May 6, 2005. Defendant Downey Savings and Loans Association provided the mortgage for the purchase. Third party DSL Service Company was the original trustee under the deed of trust; the trustee was later changed to Defendant FCI Lender Services, Inc. Plaintiffs fell behind their mortgage payments. Defendant FCI recorded a Notice of Default and Election to Sell Under Deed of Trust on June 10, 2008 and a Notice of Trustee's Sale sometime in September 2008. On

---

[1] The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

1

December 18, 2008, Defendants sold the property in a non-judicial foreclosure sale.

Plaintiffs filed suit in the Superior Court of California, County of Stanislaus on January 12, 2009.  Plaintiffs claim entitlement to relief under fraudulent misrepresentation, fraudulent inducement (with respect to Doe defendants only), the Rosenthal Fair Debt Collections Act (with respect to Doe defendants only), Federal Fair Debt Collections Act, Real Estate Settlement Procedures Act, Home Ownership and Equity Protection Act, Truth in Lending Act, Regulation Z, Federal Trade Commission Act, Cal. Bus. & Prof. Code §17200; Plaintiffs also seek to quiet title to the property.  Defendants[2] removed the case to the Eastern District of California and now move to have the case dismissed for failure to state a claim.  Plaintiff has neither filed an opposition nor a notice of non-opposition.  The matter was taken under submission without oral argument.

Plaintiffs have been represented in this matter by the law firm of M.W. Roth.  That law firm is no longer operational; the Superior Court of California, County of Los Angeles has assumed jurisdiction of the law firm as of March 27, 2009.  The State Bar of California has taken custody of the client files of that law firm and has been attempting to contact the law firm's clients to advise them to seek new counsel.  There has been no contact from Plaintiffs in this case since it was removed.

**II. Legal Standards**

Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

---

[2]Defendant Downey Savings and Loans Association and Defendant FCI Lender Services, Inc. were taken over by the  Federal Deposit Insurance Corporation.  U.S. Bank National Association has taken over the two institutions as successor in interest to the FDIC receivership.

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)....a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), citations omitted.  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citations omitted.  The court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  The court must also assume that "general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990), citing Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds at 127 S. Ct. 1955, 1969.  Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  At the other bound, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated...laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

    In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint.  "There are, however, two exceptions....First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss...If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them.

Second, under Fed. R. Evid. 201, a court may take judicial notice of matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), citations omitted. The Ninth Circuit later gave a separate definition of "the 'incorporation by reference' doctrine, which permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005), citations omitted. "[A] court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. Facts raised for the first time in opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003), citations omitted.

If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

### III. Discussion

Plaintiffs make many assertions, but the foundational claim appears to be that Defendants do not have the legal authority to foreclose on his property. Plaintiffs state,

> 12. Plaintiffs are informed and believe, and based thereon allege that Defendants were not entitled to foreclose on Trust Deed No. 1 recorded against the Subject Property because they are not and were not either: (a) the 'holders' of a note that substantiates their alleged claim to an interest in the Subject Property that would afford them the right to foreclose; (b) a nonholder in possession of a note executed by Plaintiffs who had the rights of a holder to foreclose on Trust Deed No. 1 against the Subject Property; or (c) a person not in possession of a note that substantiates their claim to an interest in the Subject Property who was otherwise entitled to enforce Trust Deed No. 1 under California law.
>
> 13. Plaintiffs further allege that Defendants did not have the right to direct TRUSTEE to foreclose on Trust Deed No. 1 and sell the Subject Property owned by Plaintiffs.

Doc. 2, Complaint, at 4:9-18.  All of Plaintiffs' claims against non-Doe defendants derive from this foundational allegation. See Doc. 2, Complaint, at 6:8-10; 9:24-10:5; 12:1-8; 13:9-15; and 14:7-11.

The court does not quite comprehend how this allegation gives rise to Plaintiffs' claims. As Defendants point out, "Defendants, however, do have the right to payment under the note and to foreclose because, as alleged in the Complaint, Defendant Downey Savings is the original lender." Doc. 10, Brief, at 4:6-8.  Plaintiff admits the Defendant Downey was the original lender and that Defendant FCI recorded a Notice of Default and Election to Sell Under Deed of Trust and a Notice of Trustee's Sale under Defendant Downey's direction. Doc. 2, Complaint, at 3:1-15.

"Financing or refinancing of real property is generally accomplished in California through a deed of trust. The borrower (trustor) executes a promissory note and deed of trust, thereby transferring an interest in the property to the lender (beneficiary) as security for repayment of the loan. The deed of trust is recorded to give notice to future lenders and purchasers that the property is encumbered by an outstanding loan. Legal title to the property is held by a trustee until the loan is repaid in full." Bartold v. Glendale Federal Bank, 81 Cal. App. 4th 816, 821 (Cal. App. 4th Dist. 2000).

> The statutory scheme can be briefly summarized as follows. Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale (Cal. Civ. Code §2924). The foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee (Cal. Civ. Code §2924). After the notice of default is recorded, the trustee must wait three calendar months before proceeding with the sale (Cal. Civ. Code §2924(b)). After the 3-month period has elapsed, a notice of sale must be published, posted and mailed 20 days before the sale and recorded 14 days before the sale (Cal. Civ. Code §2924f). The trustee may postpone the sale at any time before the sale is completed (Cal. Civ. Code §2924g(c)(1)). If the sale is postponed, the requisite notices must be given (Cal. Civ. Code §2924g(d)). The conduct of the sale, including any postponements, is governed by Civil Code section 2924g. The property must be sold at public auction to the highest bidder (Cal. Civ. Code §2924g(a)).

Moeller v. Lien, 25 Cal. App. 4th 822, 830 (Cal. App. 2d Dist. 1994), citations omitted.  To initiate the foreclosure process, "The trustee, mortgagee, or beneficiary, or any of their authorized agents shall first file for record, in the office of the recorder of each county wherein the

mortgaged or trust property or some part or parcel thereof is situated, a notice of default." Cal. Civ. Code §2924(a)(1), emphasis added.

Plaintiffs' allegations suggest that Defendants went through the proper procedures to foreclose on the property. Plaintiffs have failed to state a claim. As it appears that amendment would be futile given the representations contained in the complaint, leave to amend is not granted.

### IV. Order

Defendants' motion to dismiss is GRANTED. Plaintiffs' complaint and all causes of action are DISMISSED. The clerk of the court is directed to close the case.

IT IS SO ORDERED.

Dated:   **August 24, 2009**                     **/s/ Anthony W. Ishii**
                                                                   CHIEF UNITED STATES DISTRICT JUDGE